Signed: August 24, 2010



_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    Case No. 09-40475 EDJ
                                         Chapter 7
CYNTHIA D. WARNER,

                    Debtor./

CYNTHIA D. WARNER,                       Adv. No. 09-04232 AJ

                    Plaintiff,

vs.

JANE BRYSON,
U.S. DEPARTMENT OF EDUCATION, ET AL.,

                    Defendant./

DECISION: COMPLAINT TO DISCHARGE STUDENT LOAN OBLIGATION

A hearing was held August 9, 2010 on the above-named parties' cross-motions for summary judgment. Plaintiff Cynthia Warner ("Warner") appeared on her own behalf. Michael Cosentino of the Law Offices of Michael Cosentino and Douglas Chang of the Office of the U. S. Attorney appeared on behalf of The United States Department of Education ("Education").

Decision

By her complaint, Warner seeks to have certain student loan obligations discharged under Bankruptcy Code § 523(a)(8)[1]. Warner filed her motion for summary judgment on July 7, 2010, and Education filed its cross-motion for summary judgment on July 26, 2010. The court, having reviewed the briefs submitted by the parties, having determined that there are no genuine issues of material fact to be determined by a trial, and for the reasons hereinafter discussed, will enter its judgment against Warner and in favor of Education.

I. Background

According to the pleadings submitted by the parties in support of their cross motions for summary judgment, the following facts are not disputed.[2]

Warner is a 50 year old woman with no dependants whose income is comprised of nominal compensation associated with authoring an online arts blog and income received through odd jobs. She also receives state aid in the form of food stamps. The bulk of Warner's vocational activity is performed for no financial compensation.

Warner took out the loans at issue in order to attend the University of California at Berkeley and Sacramento State University. The loans were eventually assigned to Education

---

[1] All future section references, unless otherwise noted, are to the Bankruptcy Code, 11 U.S.C. § 101, et. seq.

[2] The court notes that Education filed several objections to documents Warner purported to present as evidence in support of her motion for summary judgment. Because the court did not rely on any of the disputed documents to reach its decision herein, the Education objections are moot.

Decision 2

following Warner's default thereon. The parties do not dispute Warner's current indebtedness to Education.

At the August 9 hearing, the parties agreed on the record that Education has presented Warner with the opportunity to repay her loan through its Income Based Repayment Program ("IBRP"), which operates to limit the amount that an obligor is required to pay based on income and family size. Warner acknowledged that based on the income reflected in her tax return, her repayment obligation under IBRP would be zero dollars per month.

II. Discussion

1. Summary Judgment

Federal Rule of Civil Procedure 56, applicable herein via Federal Rule of Bankruptcy Procedure 7056, provides for summary judgment where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The court concludes that there is no genuine issue of material fact here that must be resolved through a trial.

2. Undue Hardship Discharge

Bankruptcy Code § 523(a)(8) provides that qualified education loans are excepted from a debtor's discharge, unless such exception would impose an undue hardship on the debtor and the debtor's dependants. 11 U.S.C. § 523(a)(8). The Ninth Circuit has adopted a

three-part test laid out by the Second Circuit in <u>In re Brunner</u> that the debtor must satisfy in order to demonstrate undue hardship within the meaning of § 523(a)(8). <u>See</u> <u>United Student Aid Funds, Inc. v. Pena</u>, 155 F.3d 1108, 1112 (9th Cir. 1998) (adopting the Second Circuit test laid out in <u>Brunner v. New York State Higher Educ. Svcs.</u>, 46 B.R. 752, 758 (S.D.N.Y. 1985), <u>aff'd</u> 831 F.2d 395,396 (2nd Cir. 1987)). The <u>Brunner</u> test requires that the debtor establish three elements: 1) that she cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependants, 2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period, and 3) that the debtor has made good faith efforts to repay the loans. <u>See</u> <u>Brunner</u>, 831 F.2d at 396. The burden of proving the three <u>Brunner</u> elements and therefore demonstrating undue hardship is on the debtor. <u>See</u> <u>Rifino v. United States, et al.</u>, 245 F.3d 1083, 1087-88 (9th Cir. 2001).

a. Minimal Standard of Living

To determine whether Warner is capable of maintaining a minimal standard of living, the court must examine her finances. <u>See</u> <u>Education Credit Management Corporation v. Howe</u>, 319 B.R. 886, 890 (9th Cir. BAP 2005). "The meaning of a minimal standard of living must be determined in light of the particular facts of each case." <u>Id.</u> (internal citations omitted).

Warner's finances are in poor shape. Her income "amounts to a few hundred dollars a month from friends and family or an odd job." Motion for Summary Judgment by Plaintiff at 8. Warner lives with

Decision 4

her mother, receives food stamps from the state, and owns no car. She devotes a substantial number of hours to her arts blog, for which she is compensated approximately one cent each time a reader views one of her articles. The court holds that Warner satisfies the first prong of the <u>Brunner</u> test because she would not be able to maintain a minimal standard of living if required to make the contractually required payments on her student loan obligations.

                    b. Additional Circumstances

The second inquiry under the <u>Brunner</u> test is whether additional circumstances indicate that Warner's current inability to make loan payments is likely to persist. To find in Warner's favor, the court must conclude that factors exist such that her "income cannot reasonably be expected to increase" for a substantial portion of the loan's repayment period." <u>Education Credit Management Corporation v. Nys</u>, 446 F.3d 938, 946 (9th Cir. 2006).

The Ninth Circuit in <u>In re Nys</u> identified several non-exclusive factors to aid the court in deciding whether such additional circumstances exist. The <u>Nys</u> factors relevant to the court's analysis here include: the obligation to care for a dependant, limited and/or poor education, lack of skills, underemployment, age, and a lack of assets.[3] On balance, these factors weigh in favor of

---

[3] Warner and Education executed a Stipulation re Medical Conditions wherein Warner agreed that she would not raise a mental or physical condition as a factor that prevents her from working. <u>See</u> Chang Declaration, Exhibit C. The court accordingly does not consider Warner's mental or physical state
(continued...)

Decision 5

finding that Warner will be able to turn things around financially in the future.

Warner does not care for any dependants, has the benefit of education, and has developed a skill set in media and journalism related to the arts. In addition, the bulk of Warner's current vocational activity is for no pay. The court is confident Warner has the basic tools to increase her income in the future by obtaining paid employment. See Birrane v. Pennsylvania Higher Education Assistance Agency, 257 B.R. 490, 498-99 (9th Cir. BAP 2002)(concluding that debtor who worked a significant number of hours per week for no compensation for a dance company she started had "quite good" future income earning potential due to her hard work and talent. Id.)

While it is true that Warner is 50 years old, this factor does not, in the context of the undisputed facts present here, justify a conclusion that Warner will never secure paid work. See, e.g., Winsborough v. United States Department of Education, 341 B.R. 14, 19 (Bankr. W.D. Mo. 2006) ("The mere fact that Debtor is near normal retirement age does not mean that the debt should be discharged.") Nor is the court persuaded that Warner's lack of assets with which to pay the loan has any bearing on her future income potential.

The court holds that Warner fails the second prong of the Brunner test because it is reasonable to expect her income to increase over the repayment period of her student loans.

---

³(...continued)
as factor here.

Decision                                            6

### c. Good Faith

The final prong of the Brunner test requires that the debtor exhibit good faith in her efforts to repay the student loans. Because the court finds that Warner does not satisfy the second prong of the Brunner test, the third prong of the Brunner test is moot. See In re Howe, 319 B.R. at 889. However, even if the court were to conclude that Warner satisfied the second Brunner element, her failure to renegotiate her debt through Education's IBRP weighs against a finding that she has made a good faith effort to repay the debt.

Under Education's Income Based Repayment Plan ("IBRP") Warner would pay $0 per month based on her reported 2009 adjusted gross income. Should Warner's income increase, payments under the IBRP would be determined based upon her income level, not the contractually required payments on her student loans.

The Ninth Circuit BAP has held that good faith is measured by the debtor's efforts to negotiate a repayment plan. See In re Birrane, 287 B.R. 490, 500 (9th Cir. BAP 2002). In Birrane, the BAP found that the debtor failed the good faith prong of the Brunner test because she failed to discuss repayment options similar to IBR[4], even though the debtor in that case was unaware of such

---

[4] At the time of the Birrane decision, the income-based repayment plan offered by the Department of Education was called the Income Contingent Repayment Plan, which, like IBR, tied loan repayments to the debtor's annually adjusted income. See Birrane at 494-95.

Decision 7

programs prior to trial.  See also Mason v. Educational Credit Management Corporation, 464 F.3d 878, 884-85 (9th Cir. 2006) (holding that a debtor's failure to negotiate a repayment plan is evidence the debtor has not met the burden of establishing good faith).  In this case, Warner is aware of the repayment options available to her through the IBRP, but has declined to pursue them. Under these circumstances, the court cannot make a finding that Warner has made a good faith effort to repay her student loan obligation.

The court holds that Warner fails the third prong of the Brunner test because she declined to pursue repayment through IBRP and therefore has not made a good faith effort to repay her student loans.

III.  Conclusion

For the foregoing reasons, the court holds that Warner is not entitled to an undue hardship discharge of her student loan obligations under Bankrtutcy Code §523(a)(8).  The court will issue its judgment in favor of Education.

**END OF DECISION**

COURT SERVICE LIST

   Cynthia D. Warner
   P.O. Box 4184
   San Leandro, CA 94579

   Douglas K. Chang
   Office of the U.S. Attorney
   450 Golden Gate Ave. 10th Fl.
   Box 36055
   San Francisco, CA 94102

   Michael Cosentino
   Law Offices of Michael Cosentino
   P.O. Box 129
   Alameda, CA 94501